# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTIAN PEARSON,**

    **Petitioner,**

v.                                                       **Civil Action No. 2:15cv72**
                                                           **(Judge Bailey)**

**CHARLES WILLIAMS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

## I. BACKGROUND

On September 28, 2015, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his sentence imposed by the United States District Court for the Southern District of Ohio. Petitioner's current projected release date is July 1, 2019, according to the Bureau of Prisons' website. This matter is pending before the undersigned for a Report and Recommendation.

## II. FACTS[1]

A ten-count indictment was returned against Petitioner on February 18, 2009. ECF No. 2. He initially entered a plea of not guilty on March 3, 2009. ECF No. 7. However, on May 4, 2009, Petitioner moved to withdraw his initial plea and enter a plea of guilty to Counts Eight and Nine. ECF No. 26. Count Eight charged Petitioner with knowingly possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Count Nine charged Petitioner with possession of a firearm in connection with said drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(I). A Pre-sentence Report ("PSR") was ordered at the time the Court accepted

---

[1] The facts are taken from Petitioner's criminal case available on PACER. 1:09-cr-00019, Southern District of Ohio, and the ECF Numbers contained in the fact section are from his criminal case.

petitioner's guilty plea.

The PSR indicated that Petitioner's background merited 15 criminal history points, resulting in a Criminal History Category of VI. This would have resulted in a guideline range of 77 to 96 months of imprisonment. However, Petitioner qualified as a career offender as he met all three criteria set forth in §4B1.1(a).[2] A career offender designation, in combination with the particular circumstances of Petitioner's multiple convictions—one of them a Section 924(c) offense—resulted in a guideline range of 262 to 327 months of imprisonment. Count 9, the Section 924(c) carried a mandatory minimum five-year term of imprisonment to be served consecutively to any other sentence imposed. See 18 U.S.C. § 924(c)(1)(A)(I).

The Probation Department recommended a sentence of 202 months of incarceration on Count Eight and 60 months of incarceration on Count Nine, consecutive to Count Eight, for a total sentence of 262 months. No written objections were filed to the P.S.R. Through his counsel's Sentencing Memorandum, however, Petitioner argued that the career offender label overstated his past criminal record; he also asked the Court to treat his conviction for crack cocaine as if it were for powder cocaine in consideration of the then-pending legislation to address the disparate impact that the 100-to-1 ratio had on African-American defendants. ECF No. 31.

The Sentencing hearing was conducted on August 26, 2009. ECF No. 32. The Court concluded that a Criminal History Category of VI was "warranted" but determined that the classification as a career offender "overstate[d] [Petitioner's] history in terms of the nature of the charges, [and] the magnitude of the individual of defenses []" ECF No. 40, Sentencing Transcript at 23. The Court further

---

[2]More specifically, Petitioner was 29 years old—and, thus, at least 18 years old—at the time he committed the offense of conviction. Furthermore, the offense of conviction was a controlled substances offense. Finally, Petitioner had at least 2 prior felony convictions of either a crime of violence (felonious assault in 1998) or a controlled substances offense (trafficking in cocaine in 2004).

agreed to a 1:1 crack-to-powder ratio. Id. at 21-22. With these changes, Petitioner's guideline range for Count Eight was reduced to 63 to 78 months of imprisonment. The Court sentenced Petitioner to 72 months on Count Eight, followed by a term of 72 months on Count Nine, to be served consecutively. Petitioner also was sentenced to a three-year period of supervised release on Count Eight and a five-year period of supervised release on Count Nine, to run concurrently. Counts One–Seven and Ten of the Indictment were dismissed by the United States. Judgment was entered on August 27, 2009. ECF No. 34.

At Petitioner's request, a notice of appeal was filed on August 27, 2009. His sentence was affirmed by the Court of Appeals for the Sixth Circuit on July 14, 2011.

In letter form, Petitioner submitted a "Petition of Request for the Crack Cocaine Amendment of 2011" which the Clerk docketed on February 8, 2012. ECF No. 47. Additionally, on July 30, 2012, Petitioner filed a *pro se* "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582." The Federal Public Defender also filed such a motion on Petitioner's behalf on November 2, 2012, asking that Court to reduce his sentence on Count Eight to one in the range of 24-30 months, or alternatively, 41-51 months, citing Guideline Amendments 748 and 750. ECF No. 49.[3] The Court denied said motion on December 17, 2013. ECF No. 55.

Petitioner filed a timely appeal that was docketed on December 27, 2013. Among other things, Petitioner argued, as he did below, that he was eligible for relief under Section 3582(c)(2) because his

---

[3]A post-sentencing addendum to the PSR was prepared by the Probation Office in connection with Petitioner's Section 3582(c)(2) motion. It was discovered that a mistake had been made with regard to the amount of heroin attributed to Petitioner. Rather than 68.7 milliliters of heroin, the actual amount was 68.7 milligrams—an amount so small that it would not affect the guideline calculation of the base offense level. Regardless, the Probation Office noted Petitioner still would have been held accountable for 6.34 grams of crack cocaine, and that amount would have generated a base offense level of 24. That is the same base offense level that was originally arrived at when the amounts of heroin and marijuana were thought to be sufficient to impact the drug quantity calculations.

sentence was not "based on" the career offender guideline, but, rather, on the crack-cocaine guideline. The Sixth Circuit disagreed and affirmed the District Court's order on August 1, 2014.[4]

Petition then filed a Section 2255 motion on May 30, 2014. On July 24, 2015, the Court concluded that Petitioner's Section 2255 Motion was time-barred under both §§ 2255(f)(1) and (f)(3). Accordingly, the Section 2255 motion was denied.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also

---

[4]In affirming the District Court's Order, the Sixth Circuit noted that Section 3582(c)(2) permits a district court to reduce a term of imprisonment when the defendant's sentence was "'**based** on a sentencing range that has been subsequently lowered by the Sentencing Commission[]'" and when "'a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)." ECF No. 60 at 4. (emphasis in original). The Sixth Circuit further noted that "'[a] defendant's applicable guideline range for the purposes of U.S.S.G. § 1B1.10 is a range that applies before the sentencing court grants any discretionary departures." Id. (internal citations omitted). The Sixth Circuit then concluded that "[t]he district court lacked authority to reduce Pearson's sentence under § 3582 (c)(2). First, Pearson sentence was not '**based on** a sentencing range that has subsequently been lowered.' 18 U.S.C. § 3582()(2)." (emphasis in the original). "To determine whether a sentence was based on a subsequently lowered range, we look to 'what the district court actually said and did at the original sentencing.' A sentence is not based on the crack-cocaine guidelines simply because the district court reviews the Guidelines range under USSC § 2D1.1 before imposing a sentence pursuant to the career-offender guideline."Id. (internal citations omitted). The Sixth Circuit then found that "the district court expressly refused to apply a range based on the career-offender guideline. Thus, Pearson's sentence was not 'based on' the career offender guideline. Similarly, Pearson sentence was not 'based on' the crack-cocaine guidelines because the District Court did not apply the crack-cocaine guidelines, despite reviewing it, but instead applied the powder-cocaine guideline. Unlike the crack-cocaine guideline, the powder-cocaine guideline has not been lowered. *Compare* USSA § 2D1.1(c) (2008) *and* USSG 2D1.1(c) (2013). Second, Amendment 750 did not lower Pearson's 'applicable guideline range' under § 1B1.10(a)(2)(B). The range that applied before the District Court exercised its discretion in departing downward was a range established by the career-offender guideline, which is not subsequently been lowered by any amendments." Id. at 4-5.

4

Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. <u>ANALYSIS</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 ( 2d Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence.[5] Adams, 372 F.3d at 135; see In re Jones, 226 F.3d at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams, 372 F.3d at 135.

In his petition, Petitioner alleges that both his trial and appellate counsel were ineffective and deficient in their performance to the point that counsel was no longer functioning as the counsel guaranteed by the Sixth Amendment. More particularly, Petitioner alleges that despite the fact that he

---

[5]Although Petitioner uses the phrase "execution of his sentence," it is clear that he is challenging the imposition of his sentence rather than how it is being executed by the BOP.

5

had not had an opportunity to see various documents used at sentencing, including the PSR, his trial counsel raised no objections, and the Court therefore adopted the findings of fact in the PSR as its findings. Petitioner maintains that counsel's failure to challenge "facially insufficient" evidence in the PSR constituted deficient performance and prejudice is shown by the resulting significantly greater sentence he received. Petitioner also alleges that the trial court failed to construe his "Motion Requesting Court Review," as a Rule 35(a) motion to correct a sentencing error. In addition, Petitioner alleges that he never received a copy of the Court Order denying his motion because he was in transit and the Order was returned marked: Return to Sender/Refused/Unable to Forward. Petitioner maintains that this "flaw" has detrimentally affected his execution of a constitutional right of due process by preventing him from effectuating a proper appeal. Finally, Petitioner alleges that the powder-cocaine guideline as been lowered, and his sentence should be either 18-24 months or 24-31 months, but in either event, his has exceeded his term of sentence.

Accordingly, Petitioner attacks the validity of his sentence rather than the means of execution and asks "the court in the interests of Justice to not let the execution of an erroneous sentence stand, seriously affecting the fairness, integrity, and public reputation of judicial proceedings. Also immediate release, Petitioner if not for alleged error has exceeded his sentence by 1 year." ECF No. 1 at 8. ECF No. at 1-1 at 10.

Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a

6

limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d at 1194. Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Although Petitioner alleges that savings clause applies to his case, it is clear that it does not. The crimes for which Petitioner was convicted, possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(A)(1), (b)(1)(C) and possession of a firearm in connection with said drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) remain criminal offenses. In addition, Petitioner's allegation that his sentence exceeds what it should be based on errors in the PSR, ineffective assistance of counsel and subsequent changes in the powder-cocaine guidelines fails to state a basis for relief under § 2241. In analyzing Petitioner's challenge to his sentence in the context of the savings clause as set forth in Jones, the undersigned has relied on the recent Fourth Circuit decision in United States v. Surratt, 797 F.3d 240 (4th Cir. 2005).

In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the

7

prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, No. 3:12cv513, 2014 WL 2013328 (W.D. N.C. May 16, 2014).

On appeal, the Fourth Circuit affirmed the district court and emphasized that "Jones opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id.*4 As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

8

The decision in Surratt is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852, at *2 (N.D. W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[6]

As previously noted, Petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, he argues only that his sentence is incorrect. Because he does not alleges that he is innocent of his crime of conviction and only challenges the validity of his sentence, Petitioner raises an argument that is foreclosed by the Fourth Circuits decision in Surratt.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**. The undersigned further recommends that Petitioner's Emergency Petition/Motion to grant his petition or order Respondent to show cause [ECF No. 6] be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[6]In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit).

9

recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 21, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE